UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JEFFERY BENJAMIN,
#441-10-09724,

                     Plaintiff,

    -against-

CAPTAIN KELLY #851; CORRECTION
OFFICER MARTIN #9727[1]; CORRECTION
OFFICER #15559; CORRECTION OFFICER
BROWN # 4291; CORRECTION OFFICER
CLAPPMAN #15195; CORRECTION
OFFICER SALMON #17012;

                     Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM
AND ORDER
11-CV-855 (CBA) (LB)

AMON, United States District Judge:

Plaintiff, currently incarcerated at Rikers Island Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against six corrections officers alleging that defendants improperly removed him from the law library at Rikers Island's George R. Vierno Center ("GRVC") on September 25, 2010. He seeks damages. (Complaint at V.) Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and plaintiff is directed to submit an amended complaint within 30 days as set forth below.

**I. Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

---

[1] In the caption of his complaint, plaintiff supplies the badge numbers only for five of the six named correction officers but on page number two supplies some of the names. The Court has inserted the names of the corrections officers, if provided.

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## II. Discussion

In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff states that the conduct about which he complains occurred on September 25, 2010 at the GRVC library at Rikers Island. The complaint refers the reader to Exhibit A for the answer to the form complaint's query: "what happened to you?" In the attachment, plaintiff's "grievant's statement form," which appears to be missing its third page, he alleges that defendants, at the direction of Captain Kelly, were engaged in "non-discrimination treatment physical force, terrify language . . .[and] remov[ed] all inmates out of the law library at 8:10 p.m." (Complaint, Attachment A at 1.) He alleges that he had only been in the library since 7:30 p.m., that defendant Kelly used offensive language, and that the removal violated the corrections

regulations which allow for "at least two (2) hours each day the law library is open." *Id.* at 2.

To the extent that plaintiff premises his claim on defendants' failure to comply with prison regulations, the complaint appears not to state a claim. This is because, "[a]s a general matter, there is no federal right to have state law properly administered." *Ramirez v. Holmes*, 921 F. Supp. 204, 208 (S.D.N.Y. 1996). Absent some further allegations, the failure to comply with prison regulations does not state a claim under § 1983.

To the extent that plaintiff is alleging that he was denied the constitutional right to access the courts, the complaint also appears not to state a claim. The United States Constitution guarantees prisoners a meaningful right of access to the *courts. Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Reasonable access to a law library is one means of ensuring a prisoner's access to the courts. *Id.* at 351 (citing *Bounds*, 430 U.S. at 828).

Reasonable access does not mean unlimited access, and prison officials may place reasonable restrictions on inmates' use of facility law libraries. *See, e.g., Shango v. Jurich*, 965 F.2d 289, 293 (7th Cir. 1992) (prisoner was not denied access to courts because prison's law library was closed nights, weekends, and holidays, and at other times due to look-down, construction, or shortage of guards or librarians, absent any evidence of any detriment or prejudice suffered by prisoner in any litigation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) ("prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution"); *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir.1985) (Constitution does not mandate "any specific amount of library time which prisoners must be provided; rather, access need only be reasonable and adequate"); *Oliver v. Head Sheriff*

3

*of Dep't & Div. of Corr. of Nassau County*, No. 07-CV-4355, 2008 WL 238577, at *2 (E.D.N.Y. Jan. 28, 2008) ("the Constitution does not require unlimited and unrestricted access to a law library at the demand of a prisoner [and] [p]rison officials may impose reasonable restrictions on the use of a prison law library").

Moreover, to "sustain a claim based on actual denial of access to the law library, the plaintiff must allege that the deprivation proximately caused some prejudice or denial of a legal claim." *Harris v. Keane*, 962 F. Supp. 397, 404 (S.D.N.Y. 1997) (citing *Bounds*, 430 U.S. at 821); *see also Ramirez*, 921 F. Supp. at 207.

As currently stated, the complaint does not allege a deprivation of the right to access the courts. Most significantly, it does not explain whether plaintiff was litigating, or attempting to litigate, an actual claim in a court when he was removed from the law library. Nor does it explain whether plaintiff was repeatedly denied access to the law library such that he could not return after his September 25 removal to litigate any claim that he was pursuing.

Although the complaint appears to fail to state a claim, in an abundance of caution, and since it is unclear from the complaint (which seems to contain an incomplete grievant's form) whether plaintiff is seeking to plead a claim not premised on defendants' failure to permit him to use the law library (e.g. unlawful force during the removal from the library), plaintiff is afforded an opportunity to amend his complaint.

### III. Conclusion

Plaintiff is afforded thirty (30) days to file an amended complaint. Fed. R. Civ. P. 8. No summons will issue at this time and all further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. Should plaintiff decide to file an amended complaint, it

4

must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed without prejudice and judgment will enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
March 7, 2011